OPINION
On April 6, 1998, appellant Michael Kinney was stopped by the State Highway Patrol. He was charged with Exceeding the Posted Speed Limit in violation of R.C. 4511.21(D)(3). The ticket charged appellant with traveling 77 MPH in a 55 MPH zone, and recited that this was appellant's "third offense."
Appellant filed a demand for a jury. Appellant argued that because this was his third moving violation within one year, the charged offense was a misdemeanor of the third degree for which the fine could exceed $100. Appellant, therefore, claimed that pursuant to Crim.R. 23, he was entitled to a trial by jury. The trial court ruled that the maximum possible fine would be $100, and appellant would not be entitled to a trial by jury.
Prior to trial, the State moved to amend the complaint to charge appellant with a first offense. The motion was granted. The case proceeded to bench trial. Appellant was convicted as charged, and fined $75. He assigns one error on appeal:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT THE RIGHT TO A TRIAL BY JURY BY DECLARING THE MAXIMUM PUNISHMENT TO BE $100 DESPITE DEFENDANT BEING CHARGED WITH A MISDEMEANOR OF THE THIRD DEGREE.
Appellant argues that he was entitled to a trial by jury pursuant to Crim.R. 23, as the ticket charged him with a misdemeanor of the third degree, carrying a potential sentence of 60 days incarceration and a fine of $500. Appellant argues that the court could not circumvent his right to a jury trial by ruling prior to trial that the maximum fine would be $100.
The uniform traffic ticket, which is the charging instrument in the instant case, does not specifically charge appellant with the third-degree misdemeanor. Although the ticket recites that it was a "third offense speed," it does not specifically allege that this was appellant's third moving violation within one year, thereby triggering the possibility of conviction and sentence for a third-degree misdemeanor. Further, prior to trial, the State amended the ticket to allege a first offense. Although the better procedure would have been for the State to amend the ticket prior to the Judge ruling on the motion for jury trial, at the time the case proceeded to trial before the court, appellant was not entitled to a jury trial pursuant to Crim.R. 23.
The Assignment of Error is overruled.
The judgment of the Ashland Municipal Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland Municipal Court is affirmed. Costs to appellant.